**UNITED STATES, Appellant,**

v.

**Willie J. HOLMES, Appellee.**

**No. 8172.**

District of Columbia Court of Appeals.

Nov. 5, 1975.

---

Earl J. Silbert, U. S. Atty., Carl S. Rauh, Principal Asst. U. S. Atty., Henry F. Greene, Executive Asst. U. S. Atty., John A. Terry, James F. McMullin and Hamilton P. Fox, Asst. U. S. Attys., were on appellant's petition for rehearing.

Linda Huber, Washington, D. C., for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

ON PETITION FOR REHEARING

PER CURIAM:

■ In a petition for rehearing the government has called to the court's attention the fact that Congress deleted from the proposed amendments to the Federal Rules of Criminal Procedure which were referred to it by the Supreme Court of the United States the provision for the production in criminal cases of the names and addresses of witnesses upon request. [Fed.R.Crim.P. 16(a)(1), (e)]. *See* Pub.L. 94–64 (1975). The government cites this action as being a conclusive determination "that Congress has formulated a national policy against the disclosure of witnesses' names and addresses." It in effect requests the panel to reverse its decision in this case and adopt a similar broad policy forbidding pretrial discovery of its witnesses.[1]

■ This court has never said that the names and addresses of government witnesses must be disclosed in the routine criminal case. It has in this appeal held that in

---

1. Both Congress and the United States Attorney recognize that disclosure may be required when nondisclosure would constitute a deprivation of due process.

the uncommon case, upon a strong showing of particularized need, the trial court may in its discretion order such disclosure.[2] The unusual combination of circumstances present here were, in short, the charge of first degree murder which until recently would mandate production of witness lists;[3] premeditation, vel non, as the *only* question at issue; appellant's extreme intoxication, and appellant's demonstrated inability to locate the witnesses otherwise. Thus, by allegations of manifest necessity the defense made a threshold showing of the singular need for its discovery request. The government was then afforded the opportunity to oppose the request. The trial judge considered the exceptional circumstances underlying the discovery request, carefully balanced the opposing interests, and found that the appellant had made a strong showing of particularized need which substantially outweighed the government's interest in nondisclosure. We found no abuse of discretion.

■ The government cites the potential dangers of witness' disclosure in some criminal cases: *viz*, that it discourages the reporting of crime and witnesses' attendance at trial; places the witnesses' safety in jeopardy, and facilitates perjured testimony in defense. These matters are of obvious concern not only to Congress and the public, but to this court and to the conscientious members of the trial bench as well. Indeed, in this very case the trial court was careful to set specific protective conditions to its disclosure order to guard against these potential dangers even though the government made no claim that the safety of any particular witness was in jeopardy. There is, therefore, no cause to believe that a trial judge would disregard the vital concern of the government in protecting its witness if called upon to rule on the question of disclosure.

■ Congress did not require mandatory disclosure of the names and addresses of government witnesses as had been proposed. Neither did it mandate nondisclosure. Thus, there remains a narrow area of authority in the trial court allowing for the exercise of discretion to order pretrial disclosure of government witnesses. Our decision made clear that the use of this authority is to be reserved for the rare criminal case in which the defense can conclusively demonstrate a compelling need for disclosure such as to overcome the government's strong interest in nondisclosure.

The petition for rehearing is denied.

On Petition for Rehearing *En Banc*

Before REILLY, Chief Judge, KELLY, FICKLING, KERN, GALLAGHER, NEBECKER, YEAGLEY, HARRIS and MACK, Associate Judges.

ORDER

PER CURIAM.

On consideration of appellant's petition for rehearing *en banc*, it is

Ordered that appellant's petition is denied.

Statement of NEBEKER, Associate Judge, with whom REILLY, Chief Judge, and YEAGLEY and HARRIS, Associate Judges, concur:

In its opinion denying the petition for rehearing, the division has stressed that its

---

2. We had earlier acknowledged the existence of such discretionary authority in *Davis v. United States*, D.C.App., 315 A.2d 157 (1974).

3. The Supreme Court will this term again consider the constitutionality of a statute which permits the imposition of capital punishment for certain criminal offenses. *Fowler v. North Carolina*, 419 U.S. 963, 95 S.Ct. 223, 42 L.Ed.2d 177 (1974).

ruling in this case is not to be applied to the "routine criminal case". Therefore, its value as precedent for discovery of the identity of witnesses to a crime is extremely limited. The bench and bar are now made aware that otherwise routine cases are not to be deemed exceptional or "uncommon" by a mere assertion that the accused cannot prepare his defense because supposedly he does not know and cannot find out what occurred. As I read the opinions of the division, the case is confined to the particular and "unusual combination of circumstances present here". Nonetheless, while the division thus seems to feel that such circumstances are present, I find nothing in the record (including the allegations of defense counsel) or in the first appellate opinion which persuades me of any need to disclose the names of the witnesses in advance of the trial in this case.

I would add that the decision should not be interpreted as a step toward witness insecurity through pretrial disclosure of a witness' name and address. The matter of witness security is an extremely serious problem, which quite properly was urged vigorously by the government as a basis for rejecting any erosion of the ordinary rule precluding such disclosure. In many cases, specific concern for the security of government witnesses is demonstrable. There are many more in which witnesses may be reluctant to cooperate with law enforcement authorities because of a general fear that efforts to intimidate them may be made. It is, therefore, extremely important that this court make it clear that no one need expect a relaxation of the former consistent rule of nondisclosure of the identity of witnesses to crimes. If any reasonable reading of the division's two opinions could lead the bench or the bar to believe that this court has embarked on a course to change the law on disclosure of such witnesses, I would have voted to rehear the case en banc.