UNITED STATES, Appellant,

v.

Ulysses JONES, Appellee.

UNITED STATES, Appellant,

v.

Gregory BRITT, Appellee.

UNITED STATES, Appellant,

v.

Ricky BRYANT, Appellee.

Nos. 80–1198, 80–1201 and 80–1256.

District of Columbia Court of Appeals.

Argued June 9, 1981.

Decided Nov. 12, 1981.

Sylvia Royce, Asst. U.S. Atty., Washington, D.C., with whom Charles F. C. Ruff, U.S. Atty., John A. Terry, Michael W. Farrell, Edward D. Ross and Wayne P. Williams, Asst. U.S. Attys., were on the brief, for appellant.

James M. Doyle, White Plains, N.Y., appointed by this court, for appellee Jones.

A. Franklin Burgess, Jr., Public Defender Service, Washington, D.C, with whom Silas J. Wasserstrom, W. Gary Kohlman, and Robert P. Mosteller, Public Defender Service, Washington, D.C., were on the brief, for appellees Britt and Bryant.

Before NEWMAN, Chief Judge, and KERN and PRYOR, Associate Judges.

KERN, Associate Judge:

In April 1980 a grand jury indicted appellees Jones and Britt for first-degree murder of a shopkeeper during the commission of an armed robbery in southwest Washington. At the same time, in a separate case, the grand jury indicted appellees Jones and Bryant for first-degree murder of a citizen on the street during the commission of an armed robbery in northwest Washington.

In the course of the preliminary proceedings normally attendant upon a felony murder case, each appellee in each case filed a motion for severance from his particular codefendant. It was urged in support of such motions in both cases that the defendants had "irreconcilably" conflicting defenses and, furthermore, that they would suffer prejudice at trial from incriminating statements made by their codefendant, thereby implicating the so-called *Bruton* doctrine.[1]

---

1. In *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court held that a defendant's confessions to a government agent that also admitted there was an accomplice could not be allowed into evidence before the jury, despite limiting instruc-

These relatively straightforward and apparently routine defense motions produced a spate of pleadings, arguments and orders that culminated in the appearance in open court of the United States Attorney. Ultimately, the trial court, after examining *in camera* statements by some of the defendants to third persons who were *not* law enforcement agents, concluded that it must have oral argument by the parties before it could decide the severance motions and, therefore, directed the government to turn over to the defense such statements by appellees to third persons.[2] When the government declined on the ground, among others, that the safety of the civilian witnesses to whom appellees had made statements would be put in jeopardy, the court barred the government from using at the forthcoming trials of appellees any oral statements they had made to third persons who were *not* government agents.

The trial court's imposition of such sanctions upon the prosecution was based upon the court's insistence that it needed "adversarial presentation" from both defense and government counsel on the issue of whether severance of the defendants in each of the two cases was required. The prosecution's response of refusal was based on its argument that discovery for such purpose, *viz.*, adversarial presentation, was unwarranted under the applicable law. The government is now before us to overturn the court's ruling of sanction.

Sup.Ct.Cr.R. 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the prosecutor to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.[3]

As we have noted, the court ordered the government to deliver such statements for inspection *in camera* pursuant to the rule and the government complied with its order in both cases. Nevertheless, even after examination of these statements, the court concluded that although it appeared that the motions to sever should be denied since they did not run afoul of *Bruton*, argument by counsel would illuminate the severance issue and might well lead to a different ruling.[4]

Appellees urge us to uphold the trial court, arguing that:

> The trial court, finding herself unable to decide the issue of severance without benefit of adversarial scrutiny of the witnesses' statements, could not protect the public interest in efficient administration of justice without ordering the production of the statements. [Appellee Jones' Brief at 9.]

Appellees cite the inherent authority of courts, absent any specific rule, to order upon appropriate showing the production by the prosecution of statements and other

---

tions, at the joint trial of the defendant and his codefendant.

2. Apparently, it is conceded that the government has no statement made by appellee Bryant to a third person which implicates his codefendant, appellee Jones.

3. This rule is identical to Fed.R.Crim.P. 14, which was amended in 1966 by the addition of the entire second sentence. The purpose of the amendment was to provide the very procedure which the trial court followed here: *in camera* inspection as an aid in determining whether possible prejudice to defendant would justify separate trials. There is no indication that the

scope of the court's power was intended to extend beyond an inspection *in camera* to the extent of ordering discovery for adversarial presentation. *See* Advisory Committee note, Fed.R.Crim.P. 14.

4. The court stated: "[W]hat the Court is asking in this case is not for any revelation that violates anybody's constitutional rights. The court, rather, asks that all parties be informed of information on which we can mutually explore the issues and hopefully reach a more rational and reasoned decision." (Record at 28.)

evidence to aid the defendant in preparing for trial.[5] They argue that here the trial court has inherent authority as an aid to its decision-making to order discovery solely for the purpose of allowing adversarial presentation.

We conclude that there is a significant and crucial difference between discovery to aid the defendant in the preparation and presentation of his defense and discovery to aid the court in its resolution of a pretrial severance motion by a defendant. In the former situation, the defendant himself is preparing for a proceeding which will determine the ultimate issue of guilt or innocence; in the latter situation, the court is determining the preliminary issue of whether the defendant is to stand trial individually or jointly with his codefendant. Discovery in the former situation has constitutional dimensions. In the latter situation, only the court's convenience in decision-making is involved.[6] In our view, this is a difference with a distinction.

 No judicial decision has been cited to us nor have we found a decision that has approved a discovery order by the trial court for the sole purpose of enabling that court to hear argument to aid in deciding a motion to sever. The absence of such decisions may be explained by the fact that the defendant's statements, which the court is permitted by Rule 14 to inspect *in camera*, generally speak for themselves; they may interlock and thus will be admissible under *Parker v. Randolph*, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979), or they may be suitable for redaction and thus will be admissible under *Carpenter v. United States*, D.C.App., 430 A.2d 496 (1981). Moreover, the court, even if it denies a pretrial motion to sever, has a continuing duty at all stages of the trial to grant a severance if prejudice appears upon the presentation of evidence at trial. *Schaffer v. United States*, 362 U.S. 511, 515, 80 S.Ct. 945, 947, 4 L.Ed.2d 921 (1960); *Sousa v. United States*, D.C. App., 400 A.2d 1036, 1041 (1979).[7]

Appellees argue (Brief of Appellees Britt and Bryant at 50), that since the trial court, before ordering discovery here, had conducted its examination *in camera* and "concluded that it could not decide the issue on this basis ... its view [that discovery was necessary to permit adversarial presentation] should be accorded deference." However, vesting discretion to order discovery for the purpose of adversarial presentation in any case in which severance is sought would as a practical matter accord the trial court unreviewable discretion. This is because there is no way of fashioning a "rule" that contains criteria for allowing discovery to assist decision-making by enabling counsel to make an adversarial presentation.

Appellees suggested at oral argument in answer to this concern that only in the "serious" felony cases involving "numerous" witnesses should the trial court have discretion to order discovery for decision-making purposes. In our view, this would not suffice since it is impossible to define which felonies are "serious" enough and how

---

5. *Rovario v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) (revelation to defense prior to trial on an informant's identity may be ordered); *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (revelation to defense prior to trial of evidence exculpating defendant must be effected); *United States v. Holmes*, D.C.App., 343 A.2d 272 (1975), *reh. denied*, D.C.App., 346 A.2d 517 (1975) (government witnesses must be revealed prior to trial of a murder case where defendant's intoxication at the time of incident precluded his discovery of witnesses).

6. For example, the Supreme Court in *Rovario, supra*, 353 U.S. at 62, 77 S.Ct. at 628, noted: "We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest against the individual's *right to prepare his defense*." [Emphasis added.]

7. The risk that the court's pretrial ruling upon the basis of an *in camera* inspection of the statement at issue here would prove upon presentation of all the evidence to have been in error and hence necessitate aborting the trial (with the consequent loss of time) is not unique to the instant cases. In every case in which severance is sought prior to trial, whether or not statements to a third party are urged as grounds for severance, there is a risk that a denial may prove, as that case unfolds, to have been unjustified and a mistrial must be declared.

many witnesses constitute "numerous" witnesses.[8]

In addition, the adoption of a discovery-for-decision-making rule appellees urge upon us would lead to an anomalous result: a statement by a defendant to a third party who is not a government agent is unavailable to the defendant prior to the trial for the purpose of preparing his defense, *Heiligh v. United States*, D.C.App., 379 A.2d 689, 692 (1977), yet that very statement to the private citizen witness would become available to a defendant prior to the trial for the purposes of enabling the court to resolve the defense motion to sever (with the attendant risk of witness-tampering).

In sum, neither precedent nor public policy call for the adoption of a new rule in the District of Columbia that a trial court has discretion to order discovery when it confronts a motion to sever prior to trial and deems adversarial presentation an aid to its decision of that severance motion.

Accordingly, we reverse the orders of the trial court and remand the cases for further proceedings.

*So ordered.*

NEWMAN, Chief Judge, concurring:

While cases may arise where disclosure of statements, either for *in camera* examination or for an "adversarial presentation" might assist the court in ruling on a motion to sever, the refusal of the government to disclose is not a proper basis for the suppression ordered here. Rather, the trial court might deem it appropriate to grant a severance motion where the issue is close and the government declines to make disclosure. This course, in my view, would constitute a proper exercise of discretion. *See generally Johnson v. United States*, D.C.App., 398 A.2d 354 (1979).

---

**8.** A motion to sever would be especially attractive to file by a defendant if a rule of discovery for adversarial presentation and decision-making was available as appellees urge.